483 P.2d 600

**CONTINENTAL CASUALTY COMPANY, Petitioning Carrier,**

**Curtis Woodman and Roach, Petitioning Employer,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Merwyn W. Miltz, Respondent Employee.**

**1 CA–IC 456.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 13, 1971.

Rehearing Denied May 5, 1971.

Review Denied June 1, 1971.

Spencer K. Johnston, Phoenix, for petitioners.

Garth Nelson and Thomas A. Moran, Yuma, for respondent employee.

William C. Wahl, Jr., Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

HAIRE, Judge.

On this review of an Industrial Commission award, the petitioning insurance carrier (Continental Casualty Company) contends that the industrially injured employee should have been removed from a *total* temporary disability status and placed upon a *partial* temporary disability status at an earlier date than that fixed in the Commission's award. We have reviewed the record before the Commission and find adequate evidence to support the Commission's action, and therefore affirm the award.

The Commission's award of March 18, 1970 found that the injured employee was "* * * able to return to employment effective July 8, 1969 (light work), and is entitled to compensation for partial temporary disability effective as of that date." Continental contends that the award should have established April 21, 1969 as the effective date for the commencement of partial temporary disability status.

It is true that Dr. Snyder in his report dated May 2, 1969 to the Commission stated that the respondent workman was "* * * placed on a regular work status as of 4/21/69, and to return in a month's time for evaluation to see how he has tolerated regular activities." However when this language of Dr. Snyder is considered in its context and in relation to other reports thereafter issued by Dr. Snyder, it is clear that Dr. Snyder was not unqualifiedly taking the position that the workman was physically able to resume regular work at that time. The workman himself testified at the hearing as to when he felt able to do "light" work as being July 8, 1969. A December 1969 group consultation report stated that Dr. Snyder's "regular" work release of 4/21/69 should have been for "light" work rather than to full time regular work without a "breaking-in".

In view of this record we do not believe that it can be stated that the Industrial Commission was required to fix April 21, 1969 as the date for the commencement of partial temporary disability. The record reflects sincere efforts by the injured workman to obtain light work as soon as he felt physically able to do so, and there is absolutely no hint in the medical testimony that he was in any way guilty of malingering.

Inasmuch as we have decided that there is support in the record for the establishment of July 8, 1969 as the terminal date for total temporary disability, we need not consider petitioner's contentions relating to the failure of the Commission to establish the respondent workman's earning capacity based upon an alleged offer of employment prior to that date.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.